# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 07 C 1821 |
| ) | |
| ARGO ROOFING COMPANY, INC., an Illinois ) | Judge Lindberg |
| Corporation, HOMEWERKS DEVELOPMENT ) | |
| COMPANY, an Illinois Corporation, and THE ) | Magistrate Judge Valdez |
| BOARD OF MANAGERS OF THE PARK ) | |
| ELM CONDOMINIUM ASSOCIATION, an ) | |
| Illinois Corporation. ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL RULE 55 MOTION FOR JUDGMENT

NOW COMES the Plaintiff, MAXUM INDEMNITY COMPANY (hereinafter "Maxum") by and through its attorneys, TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP, and Pursuant to Rule 55 of the Federal Rule of Civil Procedure, moves this Court for an Order of judgment against the Defendants, ARGO ROOFING COMPANY, INC., (hereinafter "Argo"), HOMEWERKS DEVELOPMENT COMPANY (hereinafter "Homewerks"), and THE BOARD OF MANAGERS OF THE PARK ELM CONDOMINIUM ASSOCIATION (hereinafter "the Association"). In support thereof, state as follows:

**MAXUM'S MOTION FOR DEAFULT WAS GRANTED BY THIS COURT**

On October 17, 2007, this Court granted Maxum's Motion for Default. A copy of that Order is attached hereto as Exhibit A. Also on October 17, 2007, this Court requested that Maxum file supplemental materials to support the contention that Maxum is entitled to judgment in its favor.

# THE MAXUM POLICY

Maxum issued Commercial General Liability Policy No. GLP 6000515-01 ("the Maxum Policy") to Argo Roofing Company ("Argo") with an effective period of August 20, 2003 to August 20, 2004. A true and accurate copy of the Maxum Policy is attached to the Affidavit of Peter DeJesso as Exhibit A. The notice provisions of the Maxum Policy states in relevant parts:

2. **Duties in the Event of Occurrence, Offense, Claim or Suit**

    a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

        (1) How, when and where the "occurrence" or offense took place;

        (2) The names and addresses of any injured persons and witnesses; and

        (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b. If a claim is made or "suit" is brought against any insured, you must:

        (1) Immediately record the specifics of the claim or "suit" an the date received; and

        (2) notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c. You and any other involved insured must:

        (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

        (2) authorize us to obtain records and other information;

        (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

(DeJesso Affidavit Exhibit A, pg. 11).

The Maxum Policy also contains Endorsement #4 – Additional Insured – Owners, Lessees or Contractors ("the Endorsement") which provides:

**Blanket as required by written contract and only if certificate of insurance has been provided to Company prior to date of loss.**

A. **Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only to the extent that it is held liable for the named insured's acts or omissions arising out of and in the course of ongoing operations performed for the additional insured by the named insured or the named insured's subcontractor and only if there is a signed written contract and the certificate has been provided to the Company prior to the date of loss.

B. With respect to the insurance afforded to these additional insureds, the following exclusion is added:

2. **Exclusions**

This insurance does not apply to "bodily injury" or "property damage" occurring after:

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by the named insured or the named insured's subcontractor on behalf of the additional insured(s) at the site of the covered operations has been completed; or

(2) That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

(The Endorsement is attached to the DeJesso Affidavit as Exhibit F)

3

## THE UNDERLYING ACTION

Argo and Homewerks were named as defendants in a construction defect lawsuit styled *Board of Managers of the Park Elm Condominium Association v. Elmvan, L.P., et al*, No. 05 L 007860 (Circuit Court of Cook County, Law Division) (hereinafter "the *Park Elm* Suit"). The *Park Elm* Suit was filed on or about July 15, 2005. A true and correct copy of the *Park Elm* Suit is attached to the DeJesso Affidavit as Exhibit B.

The underlying plaintiff in the *Park Elm* Suit alleges that Argo installed the roofing for the subject construction project. (DeJesso Affidavit Exhibit B, pg. 5). The underlying plaintiff in the *Park Elm* Suit also alleges that Homewerks developed, built, marketed, sold, and managed the subject Condominium building. (DeJesso Affidavit Exhibit B, pg. 4).

On September 14, 2005, Angelo Palumbo of Homewerks wrote to Argo claiming that Argo was required to name Homewerks as an additional insured on Argo's general liability policy, and requesting that Argo forward the *Park Elm* claim to its insurers (Maxum). A true and correct copy of the September 14, 2005 letter is attached to the DeJesso Affidavit as Exhibit E.

On or about October 31, 2005, certain underlying *Elm Park* defendants filed an Amended Counterclaim for Contribution against Argo (hereinafter the "*Park Elm* Counterclaim"). A true and correct copy of *Park Elm* Counterclaim is attached to the DeJesso Affidavit as Exhibit C.

I. **Maxum Has No Duty to Defend and No Duty to Indemnify Argo in the *Park Elm* Suit or *Park Elm* Counterclaim under the Maxum Policy Due to Untimely Notice.**

On April 3, 2007, Maxum filed a Complaint for Declaratory Judgment alleging that it had no duty to defend and no duty to indemnify Argo in either the *Park Elm* Suit or *Park Elm* Counterclaim under multiple provisions of the Policy. (*See* Complaint for Declaratory Judgment, Docket No. 07 C 1821).

4

An insured's duties are controlled by the terms and conditions of its insurance contract. *American Country Ins. Co. v. Bruhn*, 289 Ill.App.3d 241, 247, 682 N.E.2d 366 (1st Dist. 1997). A Notice of suit provision in an insurance liability policy is not a mere technical requirement for the convenience of the insurer, but is a valid condition precedent to the triggering of the insurer's contractual duties. *Northbrook Prop. & Cas. Ins. v. Applied Systems*, 313 Ill.App.3d 457, 464, 729 N.E.2d 915 (1st Dist. 2000). Where the insured fails to comply with a notice provision, the insurer will be relieved from its duties to defend and indemnify under the policy. *Northbrook*, 313 Ill.App.3d at 457.

The insured is expected to act with due diligence when its policy requires it to give notice of a suit to the insurer. *Northbrook*, 313 Ill.App.3d at 465. And while the timeliness of the notice is generally a question of fact, this issue can be resolved as a matter of law where, as here, no material facts are in dispute. *Northern Ins. Co. of N.Y. v. Chicago*, 325 Ill.App.3d 1086, 759 N.E.2d 144 (1st Dist. 2001).

In *Northbrook, supra*, the CGL policy at issue contained identical notice requirements as those at issue in this case. *See* 313 Ill.App.3d at 461. Specifically, the CGL policy in *Northbrook* required the insured to provide the insurer with notification of any suit "as soon as practicable." *Id.* at 461. There the insured received notice of the lawsuit against it on November 5, 1992, but did not notify the insurer until April 1994, 17 months after first receiving notice of the suit. *Id.* at 464. In affirming summary judgment for the insurer, the court in *Northbrook* held that this 17-month delay in notifying the insure was unreasonable and therefore the insurer owed no duty to defense or indemnify the insured. *Id.* at 469. *See also Equity General Ins. v. Patis*, 119 Ill.App.3d 232, 237 (1st Dist.1983)(finding the insured's nearly five-month delay not "as soon as practicable"); *INA Insurance Co. of Illinois v. City of Chicago*, 62 Ill.App.3d 80, 83 (1st

Dist. 1978)(holding that the City's three-month delay in notifying insurer after suit filed relieved insurer of duties under policy).

In the case at bar, the *Park Elm* Suit was filed on or about July 15, 2005. Argo had knowledge of the *Park Elm* Suit as early as July 2005, as evidenced by the filing of *Park Elm* Complaint. (*See* DeJesso Affidavit Exhibit B). At the very latest, Argo had knowledge of the *Park Elm* Suit no later than September 2005, as evidenced by the September 14, 2005 letter from Homewerks to Argo. (*See* DeJesso Affidavit Exhibit E).

Maxum received notice of the *Park Elm* Suit for the first time when it received a letter dated December 19, 2006 titled "NOTICE OF CLAIM - VIA US MAIL DELIVERY" from Mary Turek of Travis-Pedersen & Associates, Inc. (*See* Peter DeJesso Affidavit, ¶ 9, 11). A true and correct copy of this letter is attached to the DeJesso Affidavit as Exhibit D. The first time Maxum ever received notice of the *Park Elm* Suit was 17 months after the original filing of the lawsuit. (DeJesso Affidavit, ¶ 11).

In addition, Maxum also did not receive notice of the *Park Elm* Counterclaim until December 19, 2006, when it was received as an enclosure to the December 19, 2006 letter. (DeJesso Affidavit ¶ 10). The undisputed facts show that Argo had knowledge of the *Park Elm* Counterclaim as early as October 31, 2005, as evidenced by the filing of *Park Elm* Counterclaim. The first time Maxum ever received notice of the *Park Elm* Counterclaim was over 13 months after the filing of the subject counterclaim. (DeJesso Affidavit, ¶ 12).

By failing to provide timely notification to Maxum of either the *Park Elm* Suit or the *Park Elm* Counterclaim until December 19, 2006, as required under the Maxum Policy, Argo breached the notice conditions in the Maxum policy. *See Northbrook*, 313 Ill.App.3d at 469; *Equity General*, 119 Ill.App.3d at 237; *INA Insurance Co.* 62 Ill.App.3d at 83. As such, Maxum

does not owe Argo a duty to defend or a duty indemnify Argo for the either the Park Elm suit or *Park Elm* Counterclaim under the Maxum policy.

## II. Maxum Has No Duty to Defend and No Duty to Indemnify Homewerks in the *Park Elm* Suit under the Maxum Policy.

Homewerks claims that it is an additional insured under the Maxum Policy, however, the Additional Insured Endorsement of the Maxum Policy requires that a Certificate of Insurance naming an additional insured be provided to Maxum prior to the date of loss. (DeJesso Affidavit, ¶ 13 & Exhibit F). No Certificate of Insurance identifying Homewerks as an additional insured was been provided to Maxum prior to the date of loss. (DeJesso Affidavit, ¶ 14). Based on the undisputed facts, and clear and unambiguous language of the Endorsement, Maxum owes no duty to defend and no duty to indemnify Homewerks as an additional insured in the *Park Elm* Suit under the Maxum Policy.

In addition to not being an additional insured under the Maxum Policy, Homewerks, just like Argo, failed to provide timely notice to Maxum of the *Park Elm* Suit. Also just like Argo, Homewerks had knowledge of the *Park Elm* Suit as early as July 2005, as evidenced by the filing of *Park Elm* Suit, and had knowledge of the *Park Elm* Suit no later than September 2005, as evidenced by the September 14, 2005 letter from Homewerks to Argo. (DeJesso Affidavit Exhibits B & C). Furthermore, Homewerks was one of the underlying defendants that filed the *Park Elm* Counterclaim against Argo on October 31, 2005. (DeJesso Affidavit Exhibit C).

Despite this actual knowledge of the *Park Elm* Suit, and the filing of the *Park Elm* Counterclaim against Argo, Maxum never received notice of the *Park Elm* Suit or Park Elm Counterclaim until December 19, 2006. (DeJesso Affidavit, ¶¶ 10-12). As such, Homewerks breach its duty to notify Maxum "as soon as practicable" of the *Park Elm* Suit. Therefore, Maxum owes no duty to defend and no duty to indemnify Homewerks in the *Park Elm* Suit

under the Maxum Policy. *See Northbrook*, 313 Ill.App.3d at 469; *Equity General*, 119 Ill.App.3d at 237; *INA Insurance Co.* 62 Ill.App.3d at 83.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, MAXUM INDEMNITY COMPANY, respectfully requests that judgment be entered in its favor and against the Defendants, ARGO ROOFING COMPANY, INC. and HOMEWERKS DEVELOPMENT COMPANY, declaring that Maxum does not owe a duty to defend or a duty to indemnify to Argo Roofing Company or Homewerks Development Company with regard to the *Park Elm* Suit.

Respectfully Submitted,

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP

By: /s/ Daniel J. Cunningham

Daniel J. Cunningham
Michael J. Morrison
TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
233 S. Wacker Drive
22nd Floor- Sears Tower
Chicago, IL 60606
(312) 627-4000
Fax: (312) 627-1717
Attorneys for Plaintiff